# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:10cv252
## [Criminal No. 1:09mj66]

| | | |
|---|---|---|
| **HOWARD WILLIAM LEDFORD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATED OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before this court upon review of petitioner's Motion to Vacate and Set Aside Sentence (#1), the government's Response, and the defendant's waiver of reply and hearing.  For the reasons discussed in the court's Order entered in accordance with Rule 4(b), the previous judgment of the court will be set aside and the parts of the judgment imposing an active term of incarceration will be vacated.

Specifically, the court finds that its own misapprehension of sentencing law, if unremedied, would constitute a manifest injustice.  See United States v. Addonizio, 442 U.S. 178  (1979); United States v. Luskin, 16 Fed.Appx. 255,  2001 WL 935350 (4th Cir. 2001)(finding that the district court properly granted relief under Section 2255

-1-

where the sentencing court misapprehended the law).[1] Relief, therefore, is available to petitioner under Section 2255. Addonizio, 442 U.S. at 188 (holding that § 2255 relief is warranted when a court's misapprehension of law results in a "miscarriage of justice"); see Transcript of Sentencing Hearing 1:09mj66 (#39), at p.19.

## ORDER

**IT IS, THEREFORE, ORDERED** the

(1)   previously entered judgment in the underlying criminal action, 1:09mj66, is **VACATED** and **SET ASIDE**;

(2)   a new sentencing is **CALENDARED** for Wednesday, December 8, 2010, at 10 a.m.;

(3)   upon receipt of this Order, the Warden of the facility at which petitioner is housed is granted leave to continue to detain petitioner so long as is necessary to process him out of such facility in an orderly manner and until such time as transportation can be arranged by petitioner.  If defendant cannot be so released, the Warden may furlough petitioner for purposes of attending the hearing or take whatever action BOP

---

[1]      Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

regulations provide in such circumstances, including, if necessary, providing petitioner with custodial transportation to the resentencing hearing; and

(4)    if released from such facility, petitioner shall be on a personal recognizance bond, he shall not violate any law while so released, and he shall travel immediately to his home and shall not leave his home except for travel to court, medical needs, or to meet with his attorney. Such release is temporary and should not be read as an indication of what the court will or will not ultimately determine at the sentencing hearing.

The Clerk of this court is instructed to send a copy of this Order to the United States Marshal in a priority manner inasmuch as the Order requires immediate attention by BOP officials.

Signed: December 6, 2010

Dennis L. Howell
United States Magistrate Judge